The Honorable Lauren J. King

```
_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

      NOV 04 2024

          AT SEATTLE
   CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY
                      DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY JOSEPH BRANHAM,<br><br>Defendant. | NO. CR23-100LK<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Vincent T. Lombardi of the Western District of Washington and defendant JEFFREY JOSEPH BRANHAM and his attorney Ralph Hurvitz enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.    **The Charges**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charge(s) contained in the Indictment.

Plea Agreement - 1
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.    *Possession of a Controlled Substance with Intent to Distribute*, as charged in Count 2, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C); and

b.    *Carrying a Firearm During and in Relation to a Drug Trafficking Crime*, as charged in Count 3, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document.  Defendant further understands that before entering any guilty plea, Defendant will be placed under oath.  Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offenses**.  The elements of the offense(s) to which Defendant is pleading guilty are as follows:

a.    The elements of *Possession of Controlled Substances with Intent to Distribute*, as charged in Count 2, are as follows:

*First*, Defendant knowingly possessed controlled substances, here including but not limited to fentanyl;

*Second*, Defendant possessed said controlled substances with the intent to deliver them to another person.

b.    The elements of the offense of *Carrying a Firearm During and in Relation to a Drug Trafficking Crime*, as charged in Count 3 are as follows:

*First*, Defendant committed the crime of *Possession of Controlled Substances with Intent to Distribute* as charged in Count 2;

*Second*, Defendant knowingly carried a specific firearm during and in relation to that crime.

3.    **The Penalties**.  Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

Plea Agreement - 2
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. For the offense of *Possession of Controlled Substances with Intent to Distribute*: A maximum term of imprisonment of up to twenty (20) years; a fine of up to $1 million, a period of supervision following release from prison of at least three (3) years, and a mandatory special assessment of $100 dollars.

b. For the offense of *Carrying a Firearm During and in Relation to a Drug Trafficking Crime*, as charged in Count 3: a maximum term of imprisonment of up to life, with a mandatory minimum term of imprisonment of five (5) years, which must be served consecutive to any other term of imprisonment imposed; a fine of up to $250,000; a period of supervision following release from prison of up to three (3) years; and a $100 mandatory special assessment.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further

Plea Agreement - 3
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.    **Immigration Consequences**.  Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.    The right to plead not guilty and to persist in a plea of not guilty;

b.    The right to a speedy and public trial before a jury of Defendant's peers;

c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.    The right to confront and cross-examine witnesses against Defendant at trial;

Plea Agreement - 4
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.    The right to appeal a finding of guilt or any pretrial rulings.

6.    **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

Plea Agreement - 5
*United States v. Branham*, CR23-100LK

range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

Defendant agrees that beginning no later than April of 2023, he was actively dealing multiple types of controlled substances at an open-air drug market in the area of South Holgate Street/Airport Way South in Seattle, Washington, in the Western District of Washington. Investigators conducting surveillance of that drug market saw Defendant arrive in a brown BMW sedan and then conduct multiple hand-to-hand drug transactions with customers on April 14, April 20, and April 21, 2023.

On April 27, 2023, two undercover King County Sheriff deputies posed as drug customers at the same open air drug market. Investigators watched as Defendant, again driving the brown BMW, again conduct a number of hand-to-hand transactions with other individuals in the area. The two undercover investigators approached Defendant and asked him "how many can I get for forty," meaning, how many fentanyl pills can the undercover get for $40. Defendant responded "five for twenty" meaning five pills for $20. After some further negotiation, Defendant provided the undercover investigators with 12 round blue pills stamped with the legend "M30" in return for $40 in buy funds. While the pills were manufactured to resemble a prescription pill containing oxycodone, they in reality contained fentanyl. The pills were subsequently tested by the DEA and found to contain N-Phenyl-N-[1-(2-phenylethyl) -4-piperidinyl] propanamide (fentanyl) and weighed 1.34 net grams.

Plea Agreement - 6
*United States v. Branham*, CR23-100LK

On May 10, 2023, investigators contacted Defendant in the vicinity of the same open-air drug market and took him into custody. During a search of his person incident to his arrest, investigators located a loaded firearm, specifically a Ruger SR9c 9mm semiautomatic pistol with a laser sight, in Defendant's waistband. The pistol had previously been reported as stolen. Defendant admits he carried this firearm during and in relation to his drug trafficking crime, and specifically to protect himself from others planning to rob Defendant of his drugs and the proceeds of his drug trafficking activities.

Investigators also found and seized a quantity of various types of pills from Defendant's pockets. Some of the pills were round and blue, stamped with the legend "M30." Approximately 125 pills were mixed white and yellowish colored and bar-shaped, and another batch was 100 yellowish bar shaped pills. The pills seized from Defendant's person were later tested by the DEA. The blue pills contained fentanyl and weighed 8.53 net grams. The yellow pills contained 8-Bromo-1-methyl-6-phenyl-4H-[1,2,4]triazolo[4,3-a][1,4]benzodiazepine (Bromazolam), a synthetic controlled substance analogue of benzodiazepine and 6-(2-Chlorophenyl)-1-methyl-8-nitro-4H-benzo[f][1,2,4]triazolo[4,3-a][1,4]diazepine (Clonazolam). At the time of the offense, Clonazolam was a Schedule IV controlled substance, but as of September 25, 2023 is a Schedule I controlled substance. In total, the 225 yellow and white pills weighed 56.998 net grams.

Defendant admits that he possessed the pills containing Bromazolam and Clonazolam knowing that they contained some substance in the benzodiazepine class of drugs, that had been manufactured to resemble a different type of benzodiazepine.

Defendant further admits that the government will be able to prove, beyond a reasonable doubt, that Bromazolam is similar in both its chemical structure and pharmacological effects on the human central nervous system to flubromazolam. At the time of the offense, flubromazolam was a Schedule IV Controlled Substance, but as of September 25, 2023, is a Controlled Substances Act (CSA) Schedule I synthetic

Plea Agreement - 7
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

benzodiazepine substance.  Defendant therefore also admits that Bromazolam is a controlled substance analogue, and that he possessed the Bromazolam intending to distribute it to other people for their consumption.

Investigators also seized $2,222 in cash from Defendant's person. Defendant admits that this cash was proceeds of his drug distribution.

Defendant admits he intended to sell all of the drugs recovered from his person on May 10, 2023, to other people.  Defendant further admits that he was carrying the Ruger firearm recovered from his person on that same date to protect himself, his drugs and the cash that was the proceeds of his drug distribution from being robbed from him by others.

Investigators also impounded the brown BMW sedan that Defendant had driven to the open-air drug market to conduct drug deals.  Investigators obtained a search warrant for the vehicle.  During a subsequent search of the vehicle investigators found additional pills containing fentanyl (3.91 net grams), Bromazolam and Clonazolam (in total, approximately 1,192 pills).

In total, Defendant distributed or possessed with the intent to distribute 13.78 net grams of a mixture or substance containing fentanyl, and 1,417 units/pills containing Bromazolam and/or Clonazolam (which were controlled substance analogues of a Schedule IV depressant).  Again, Defendant admits he possessed those drugs with the intent to distribute them to another person.

Investigators also recovered another semiautomatic pistol (a Kimber 9mm pistol) that was disassembled but was otherwise operational, along with additional pistol magazines and ammunition, in the brown BMW. One of the loaded magazines recovered from the BMW fit the Ruger firearm Defendant was carrying at the time of his arrest. Defendant admits that both the Ruger and the Kimber pistols facilitated his drug trafficking in that he had them available to protect his drugs and proceeds.

Defendant admits that all of these facts can be considered as relevant conduct for purposes of calculating the advisory Sentencing Guidelines and for imposing sentence.

Plea Agreement - 8
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.    **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case: A Base Offense Level of 16 pursuant to USSG § 2D1.1(c)(12), based on the fentanyl possessed by defendant with the intent to distribute.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.    **Agreed Recommendation Regarding Imprisonment**.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend no more than the low-end of the advisory Guideline range as to Count 2.  Defendant may advocate for any legal sentence as to that Count.  Defendant understands that the Court must impose a 60-month mandatory consecutive sentence as to Count 3.

Plea Agreement - 9
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12.    **Forfeiture of Assets**.  Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that constitutes proceeds of, and/or facilitated, his commission of the offense of *Possession of a Controlled Substance with Intent to Distribute*, as charged in Count 2, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C). All such property is forfeitable pursuant to Title 21, United States Code, Section 853(a), and includes, but is not limited to, the following property seized on or about May 10, 2023:

a.    One Ruger SR9c and any associated ammunition, seized from Defendant's person; and

b.    One Kimber 9mm pistol and any associated ammunition, seized from Defendant's vehicle (the brown BMW).

Defendant further agrees to forfeit to the United States immediately his right, title, and interest in any and all firearms and ammunition that were involved in his commission of *Carrying a Firearm During and in Relation to a Drug Trafficking Crime*, as charged in Count 3. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, the following property seized on or about May 10, 2023:

a.    One Ruger SR9c and any associated ammunition, seized from Defendant's person.

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever

Plea Agreement - 10
*United States v. Branham*, CR23-100LK

steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant also agrees not to file any further claims to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding. Defendant also agrees not to file a claim to the $2,222 in cash that was seized from Defendant's person on May 10, 2023, which Defendant admits was proceeds of his drug distribution.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, in which the Defendant has any interest or control, if said assets facilitated and/or constitute proceeds of his commission of *Possession of a Controlled Substance with Intent to Distribute* (Count 2) or if said assets are firearms and ammunition involved in his commission of *Carrying a Firearm During and in Relation to a Drug Trafficking Crime* (Count 3).

13. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, firearms, magazines, or ammunition that was in Defendant's direct or indirect control, Defendant consents to its federal administrative disposition, official use, and/or destruction.

14. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this

Plea Agreement - 11
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is

Plea Agreement - 12
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to

Plea Agreement - 13
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this ___4___ day of ~~October,~~ November 2024.

_____
JEFFREY JOSEPH BRANHAM
Defendant

_____
RALPH HURVITZ
Attorney for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

Plea Agreement - 14
*United States v. Branham*, CR23-100LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970